# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARMANDO RENE PADILLA,<br>DANIEL THOMAS,<br><br>Defendants. | No. CR 09-658-DCB (CRP)<br><br>**REPORT AND RECOMMENDATION<br>ON DEFENDANT'S MOTION<br>TO SEVER** |

Presently pending before this court is Defendant Thomas's Motion to Sever (Doc 56.) Defendant Thomas filed this motion on December 15, 2009 arguing that a joint trial would be prejudicial to Defendant Thomas and would violate his right to confront witnesses under the Sixth Amendment to the United States Constitution. On December 21, 2009, the Government filed a response to Defendant Thomas's motion (Doc 59.) contending that there is no serious risk that a joint trial will prejudice a specific trial right of Defendant Thomas, or prevent the jury from making a reliable judgement about guilt or innocence.

**FACTUAL BACKGROUND**

On March 27, 2009, Defendant Thomas and Defendant Padilla were arrested on charges related to drug smuggling. On March 28, 2009 both Defendant Thomas and Defendant Padilla were interviewed regarding their involvement in the incident. Defendant Padilla provided two statements in which he inculpated himself and Defendant

1  Thomas. The Government seeks to use these statements at the trial against both
2  Defendants. However, Defendant Thomas is concerned that admission of Defendant
3  Padilla's statements into evidence violates Defendant Thomas's right to confront
4  witnesses.

**DISCUSSION**

Federal Rule of Criminal Procedure 8 allows the joinder of defendants who are alleged to have committed the same crime. Fed.R.Crim.P. 8(b). The Ninth Circuit has consistently held that defendants jointly indicted ordinarily should be jointly tried. *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir.1980). The joinder is favored by courts because of judicial economy and efficiency. *Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir.1968). However, Federal Rule of Criminal Procedure 14 states that if the codefendants are prejudiced by joinder, severance must be granted. Fed.R.Crim.P. 14; *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir.1991). The burden is on the defendant to show "clear," "manifest," or "undue" prejudice from a joint trial. *Escalante,* 637 F.2d at 1201.

Use of an out-of-court confession or inculpatory statement of a co-defendant who did not testify at trial violates the non-confessing defendant's right of cross-examination protected by the Confrontation Clause of the Sixth Amendment. This violation is not cured by a jury instruction that the confession should be disregarded in determining the non-confessing defendant's guilt or innocence. *Bruton v. United States,* 391 U.S. 123, 134-137 (1968). However, no Confrontation Clause violation occurs when "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). The Supreme Court further clarified the *Bruton* rule in *Gray v. Maryland,* 523 U.S. 185 (1998) holding that the redacted confession must not reference the codefendant by implication, such as by "replac[ing] a name with an obvious blank space or symbol or word such as 'deleted.' " *Id.* at 189.

The Court has reviewed the proposed redacted statement submitted by the Government. The redactions clearly implicate another unnamed person in the offense. Only two people will be at trial. The events in this case occur in a remote location. It will be the inescapable conclusion of jurors that Defendant Thomas is "that person" in the redacted statement. This is unlike the redacted statement in *Richardson*, where there were no blanks or unnamed participants in the statement and no indication of the existence of the defendant who was redacted from the statement participating in the planning of the crime. 481 U.S. at 203. Instead, it is exactly like the statement in *Gray*, where deletions to the statement obviously refer to the defendant who did not make a statement. 523 U.S. at 194-201. As the Court is *Gray*, 523 U.S. at 195, stated:

> . . . we believe that, considered as a class, redactions that replace a proper name with an obvious blank, the word "delete", a symbol, or similarly notify the jury that a name has been deleted are similar enough to *Bruton's* unredacted confessions as to warrant the same legal results.

**RECOMMENDATION**

For the reasons set out above, the Magistrate Judge recommends that the District Judge, after his independent review, GRANT Defendant Thomas's Motion to Sever (Doc 56.)

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR 09-658-DCB**.

DATED this 3rd day of March, 2010.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE